UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **JEREMY MARCOTTE** | * | **CIVIL ACTION NO.: 6:17-cv-00322** |
| **VERSUS** | * | **JUDGE** |
| **TRISTAR PRODUCTS INC.** | * | **MAGISTRATE** |

**COMPLAINT FOR DAMAGES**
*******************

COMES NOW, Jeremy Marcotte, Plaintiff in the above-styled and numbered cause, complaining of Defendant, Tristar Products, Inc., and in support thereof would respectfully show unto this Honorable Court the following:

1.

Plaintiff, Jeremy Marcotte is a major citizen of the State of Louisiana who reside in the Parish of Iberia, State of Louisiana.

2.

Defendant, Tristar Products, Inc., is a foreign for profit corporation, organized and existing under the laws of the State of Pennsylvania. Defendant has its principal office in the State of Pennsylvania, which is located at 2620 Westview Drive, Wyomissing, Pennsylvania 19610. Defendant may be served with process via Louisiana's Long Arm Statute, because Defendant engages in business in Louisiana but does not maintain a regular place of business in Louisiana or a designated agent for service of process in Louisiana.

3.

This Court has personal jurisdiction over Defendant pursuant to the Louisiana Long Arm Statute, as this lawsuit arises out of a tort committed by Defendant in whole or in part in Louisiana.

Defendant purposefully availed itself of the privileges and benefits of conducting business in Louisiana by directing its product sales to this State, maintaining such minimum contacts with this State that the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.

4.

This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1), as the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

5.

Venue is proper in this district under 28 U.S.C. § 1391(a)(2), because all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

6.

In December, 2015, Plaintiff purchased a "Power Cooker" 6-quart digital pressure cooker from the local Wal-Mart Store.  Upon information and belief, Defendant is the designer, manufacturer, producer, and distributor, of and/or marketing entity for the cooker.

7.

The cooker is an electric kitchen appliance designed to be used for efficient preparation of food. The product is designed to prepare full meals from scratch by boiling liquids inside a sealed pot that produces steam, which is trapped inside of the appliance to create pressure. The resulting temperatures produced are supposed to cook meals more efficiently, while maintaining more nutrients than conventional cooking methods.

8.

On or about May 19, 2016 suddenly and without warning, the lid blew off of the cooker, and

the contents burst out of the cooker onto Mr. Marcotte, resulting in extensive and severe burns to his body.

9.

Plaintiff did not modify the cooker in any way before using it and it was in substantially the same condition as when it left the manufacturer. The counter on which the cooker was being used was level, nothing was obstructing or surrounding the cooker, and nothing was atop the lid of the cooker.

10.

Defendant's failure to take reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects and safe for consumer use and Defendant's failure to adequately warn consumers of foreseeable dangers related to its product, proximately caused Plaintiff's injuries and damages.

11.

Defendant would be liable for the injuries suffered by Plaintiff for its violation of Louisiana Revised Statute 9:2800et. seq., the Louisiana Product Liability Act by developing, designing, manufacturing, testing, selling, and/or marketing the Power Cooker and placing this unreasonably dangerous device into the market and in violating both the expressed and implied warranties related to this product.

12.

At all times material hereto, the cooker was being used by Mr. Marcotte for the foreseeable intended purposes for which it was developed, designed, manufactured, tested, sold, and/or marketed. Plaintiff was a foreseeable intended user of the cooker.

13.

Defendant owed a duty to Plaintiff to use reasonable care in developing, designing, manufacturing, testing, selling, and/or marketing a product free from defects in material or workmanship that was safe and functional for consumer use and did not pose a foreseeable risk of harm to consumers and products with warnings for all the foreseeable hazards created by the normal and intended use of the product.

14.

In selling its product to Plaintiff, Defendant, through its agents, servants, employees, and apparent agents acting within the scope of their employment, authority, or apparent authority, made representations and promotions concerning the particular purpose to which Plaintiff would put the product to use and knew or should have known of the particular purpose to which Plaintiff would put the product to use. Defendant impliedly warranted that the product would be fit for such particular purpose.

15.

Defendant expressly warranted that its product was safe for ordinary use when used in compliance with the instructions provided. These affirmations regarding the safety of its product formed a basis of the bargain for Plaintiff, without which the Plaintiff would not have purchased Defendant's product.

16.

The product did not conform to the Defendant's affirmations regarding the safety of its product.

17.

Defendant impliedly warranted that its product was merchantable, fit for the ordinary purpose

for which it was sold or used, was of fair average quality so as to pass without objection in the trade, and conformed to Defendant's own affirmations regarding the cooker's safety features and overall safe condition.

18.

Defendant breached its implied warranty of merchantability and fitness for the foreseeable use to which the plaintiff had used the product at the time of the incident made the subject of this incident, as the product did not conform to the Defendant's affirmations regarding the safety features and overall safe condition of the product, the product was not fit for the ordinary purpose for which it was sold or used, and was not of fair average quality so as to pass without objection in the trade.

19.

Defendant violated the Louisiana Product Liability Act in one or more of the following respects:

a. Failing to take appropriate steps to ensure the cooker could not malfunction as described above;

b. Failing to conduct an appropriate inspection of the cooker;

c. Marketing, selling, and shipping the cooker in an unsafe condition;

d. Failing to provide users of the cooker with adequate instructions for its safe use;

e. Failing to provide users of the cooker with adequate warnings concerning its use;

f. Failing to thoroughly and adequately test the cooker so that the lid would not be improperly discharged from the cooker in the course of cooking;

g. Designing and/or selling the cooker with the capacity to pressurize and reach a high temperature even if the lid was only partially engaged;

h. Failing to equip the cooker with properly functioning safety features which would

       prevent the lid from opening while contents were under pressure;

I.    Failing to equip the cooker with properly functioning safety features which would prevent the cooker from operating when the lid was not fully sealed;

j.    Failing to prevent damage to, or sticking or malfunction of, the cooker's safety features;

k.    Failing to provide a safe, appropriate, and effective mechanism for securing the lid of the cooker;

l.    Designing Power Cooker, including its lid and housing, in such a way that it is not apparent to the user that the lid is not fully sealed;

m.    Failing to design the cooker with a warning mechanism that would allow a user to recognize that the lid was not fully sealed;

n.    Failing to discover defects in, and the dangerous condition of, the cooker;

o.    Failing to remedy the defects in, and the dangerous condition of, the cooker;

p.    Failing to discover defects in, and dangerous inadequacies of, the instructions and warnings provided with the cooker;

q.    Failing to properly test, evaluate, inspect, and assemble the cooker;

r.    Failing to properly design, manufacture, and advertise the cooker to prevent it from being unreasonably dangerous;

s.    Failing to warn the public in general, and Plaintiff in particular, of the dangers presented by the use of Defendant's product;

t.    Failing to exercise due care and act with regard for the safety of those using its products;

u.    Selling a product that did not comply with its expressed and implied warranties; and

  v.  Such other and further acts and/or omissions as may be shown by the evidence at the trial of this cause.

20.

Each of the above-listed acts and/or omissions, taken singularly or in combination, was a violation of the Louisiana Products Liability Act and a proximate and direct cause of Plaintiff's injuries and damages. The above and foregoing acts and omissions of Defendant constitute violations of the LPLA, which was the proximate cause of Plaintiff's resulting injuries and damages. Nothing Plaintiff did or failed to do caused or contributed to cause the occurrence made the basis of this suit.

21.

As a direct and proximate result of Defendant's conduct, Plaintiff, Jeremy Marcotte, suffered the following injuries and damages:

  a.  Medical expenses in the past and future;

  b.  Physical and mental pain and suffering, embarrassment and other general damages in the past and future;

  c.  Disfigurement in the past and future;

  d.  Physical impairment in the past and future; and

  e.  Lost earning and earning capacity.

For the above reasons, Plaintiff, Jeremy Marcotte, prays that Defendant be cited to appear and answer herein and that, upon final trial, Plaintiff have judgment against Defendant for the following:

  a.  Actual damages;

  b.  Pre-judgment and post-judgment interest at the lawful rate;

  c.  Costs of suit; and

    d.       All such other and further relief to which Plaintiff may show himself justly entitled under law or in equity.

                                            Respectfully submitted:

Simien & Simien, LLC
Attorneys and Counselors at Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
(225) 932-9221; (225) 932-9286 (fax)

                                            */s/Eulis Simien, Jr.*
By:    Eulis Simien, Jr. (T.A.), Bar # 12077